## Commonwealth *v.* Foley, Appellant.

*Criminal law—Evidence—Comment upon defendant not presenting herself as witness—District attorney—Act of May 23, 1887, sec. 10, P. L. 158.*

Indictments were found against a woman for selling liquor without a license, selling liquor on Sunday, and for keeping a disorderly house. The three cases were tried together before a single jury. The defendant did not offer herself as a witness. The district attorney in his closing argument said : " You have this woman here without denial—" when he was promptly interrupted by counsel for the defendant, and an exception taken to the statement. The court said : " The above remark having been made by the district attorney while discussing the charge in the indictment against the defendant for keeping a disorderly house, the exception is noted for that charge, and bill sealed for the defendant." The trial proceeded and the court directed a verdict of not guilty in the case of keeping a disorderly house, but submitted the other cases to the jury, who returned a verdict of guilty upon which judgment of sentence was passed. *Held,* that the district attorney's remark was in violation of the Act of May 23, 1887,

P. L. 158, and that if it was objectionable as to one indictment it was equally so as to the others, inasmuch as all three were tried together, and the defendant did not offer herself as a witness in any.

Argued Dec. 14, 1903.   Appeals, Nos. 16 and 17, April T., 1904, by defendant, from judgment of Q. S. Allegheny Co., on verdict of not guilty in case of Commonwealth v. Frances Foley.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Indictment for selling liquor without a licence, selling liquor on Sunday, and keeping a disorderly house.   Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Error assigned* was in overruling motion in arrest of judgment.

*John Marron*, of *Marron & McGirr*, for appellant.—The appellant was actually on trial on the two indictments in these appeals, as well as the indictment on which there was a verdict of not guilty, and " neglected and refused " to offer herself as a witness against these two indictments as well as against the third, and the reference of the district attorney to her refusal to testify was made during the trial of the two indictments as well as the third, and called the attention tending to create a presumption against her on these two indictments as well as on the third indictment:   Com. v. Bell, 20 Pa. C. C. & Repr. 223.

*Wm. D. Grimes*, assistant district attorney, with him *John C. Haymaker*, district attorney, for appellee.—In various states having a statute substantially the same as that in Pennsylvania, and providing that the failure of a defendant to offer himself as a witness, shall not be treated as creating any presumption against him, or be adversely referred to by the court or counsel during the trial, casual, indirect and unintentional remarks made by counsel for the commonwealth have not been considered sufficient grounds for reversal : Green v. State, 31 S. W. Repr. 386; People v. McGrath, 5 Utah, 525 (17 Pac. Repr.

116) ; State v. Weddington, 103 N. C. 364 (9 S. E. Repr. 577) ; Frazier v. State, 135 Indiana, 38 (34 N. E. Repr. 817) ; State v. Ward, 51 Vt. 153 (17 Atl. Repr. 483) ; Sutton v. Com., 85 Va. 128 (7 S. E. Repr. 323) ; State v. Seely, 92 Iowa, 488 (61 N. W. Repr. 184) ; Com. v. Taylor, 129 Pa. 534.

OPINION BY ORLADY, J., March 14, 1904:

Indictments were found against the defendant for selling liquor without a license, selling liquor on Sunday, and for keeping a disorderly house. The three cases were tried together before a single jury. When the district attorney said in his closing argument : " You have this woman here without denial," he was promptly interrupted by counsel for the defendant and an exception taken to the statement. The court stated as follows : " The above remark having been made by the district attorney while discussing the charge in the indictment against the defendant for keeping a disorderly house, the exception is noted for that charge and bill sealed for the defendant." The trial proceeded, and the court directed a verdict of not guilty in the case of keeping a disorderly house but submitted the other cases to the jury who returned a verdict of guilty. A motion in arrest of judgment was overruled and the defendant sentenced, hence this appeal.

It was not possible to confine the charge of the court to any one of the cases on trial. The whole body of the evidence in the three cases was submitted to the jury under a single charge, and if the remark of counsel was objectionable in one it was equally so in the others, inasmuch as the defendant did not offer herself as a witness in any. The defendant was relieved from being compelled to testify, and section 10 of the Act of May 23, 1887, P. L. 158, provided further that her neglect or refusal to offer herself as a witness should not be treated as creating any presumption against her, or be adversely referred to by court or counsel during the trial. This privilege of the defendant would be of little value if the fact that she claimed its protection could be made the basis of an argument to establish her guilt. To extend the formal protection of the privilege and then allow the fact that she had claimed it to be used as affording a presumption against her would be a sort of mockery of which the law is not guilty. In spite of all the reasoning

and refining which may be urged, there was but one deduction to be drawn from the remark as made under the circumstances, namely, that the refusal of the defendant to testify in her own behalf was significant of her guilt and tended to prejudice the jury against ·her defense.   This effect should have been corrected by setting the verdict aside and granting a new trial : Wilson v. United States, 149 U. S. 60 (13 Sup. Ct. Rep. 765) ; Graves v. United States, 150 U. S. 118 (14 Sup. Ct. Rep. 40) ; Boyle v. Smithman, 146 Pa. 255.

The assignment of error is sustained, the judgment is reversed, and a new trial awarded.