# Commonwealth *v.* Green, Appellant.

*Criminal law—Murder—Adverse comment on prisoner's failure to offer himself as a witness—Act of May 23, 1887, P. L. 158—Evidence— Charge of court.*

1. Where on the trial of an indictment for murder it appears from a written statement of the prisoner to the police offered in evidence by the commonwealth that the prisoner had found some of the effects of the deceased and had given them to another person, and the prisoner does not take the stand on his own behalf, it is reversible error for the district attorney to say to the jury: "There is no one on earth who can tell how these things came into the possession of the prisoner, but the prisoner." Such a remark violates the Act of May 23, 1887, sec. 10, P. L. 158, which forbids adverse comment upon the fact that the defendant in a criminal case does not offer himself as a witness.

2. A written statement of the prisoner in a murder case offered by the commonwealth, and denying guilt, should be referred to in the charge of the court.

Argued Oct. 2, 1911. Appeal, No. 169, Jan. T., 1911, by defendant, from judgment of O. & T. Phila. Co., Sept. Sessions, 1910, No. 624, on verdict of guilty of murder in the first degree in case of Commonwealth v. Jerry Green. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Indictment for murder. Before WILLSON, P. J.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were in the following form:

1. The learned trial judge erred in giving greater weight, emphasis and prominence to the commonwealth's evidence than to the evidence given on behalf of defendant.

2. That the learned trial judge erred in his charge to the jury by failing to refer to the statement made by defendant in which he set forth his denial of the crime and which was offered in evidence by the commonwealth.

3. That the learned trial judge erred in his charge to the jury in not directing the jury that under all and any circumstances they were to fix the degree of the crime.

4. That the learned trial judge erred in his supplemental charge to the jury in not directing that they were to fix the degree of the crime.

5. That the learned trial judge erred in his charge to the jury in saying:

"The first question, therefore, that you are to take up, is, did she die a natural death, or did she die by violence? While you have heard what has been said by counsel for the defendant for the purpose of leading you to the conclusion that she died a natural death, it is for you to say whether or not the argument which he has used, and the evidence which he has referred to satisfies your minds that she died a natural death."

6. That the learned district attorney erred in calling the attention of the jury to the fact that the defendant had not gone upon the stand as a witness in his own defense by saying:

"There is no one on earth who can tell how these things came into the possession of the prisoner but the prisoner."

*Edwin M. Abbott,* for appellant.—Where a district attorney, in his closing address to the jury, makes statements which are not warranted by the evidence, and which tend to prejudice the jury, a new trial will be granted, especially when it appears that such remarks have influenced the jury: Com. v. Smith, 10 Phila. 189; Com. v. Bruner, 11 Pa. C. C. Rep. 428; McClosky v. Dubois Boro., 4 Pa. Superior Ct. 181; Abernethy v. Com., 101 Pa. 322.

Adverse reference to the refusal or neglect of the defendant to testify is ground for a new trial: Com. v. Draper, 2 Chest. County, 424; Com. v. Holtham, 1 Lack. L. N. 370; Com. v. Foley, 24 Pa. Superior Ct. 414; Com. v. Brown, 16 W. N. C. 557; Com. v. Bell, 20 Pa. C. C. Rep. 223; People v. Grider, 110 Pac. Repr. 586; McClosky v.

Dubois Boro., 4 Pa. Superior Ct. 181; State v. Clark, 131 N. W. Repr. 369.

In the case at bar the remark was improper, unfair and highly prejudicial to the defendant and undoubtedly affected the jury: Com. v. Williams, 41 Pa. Superior Ct. 326; Com. v. Bubnis, 197 Pa. 542; People v. Cascone, 185 N. Y. 317 (78 N. E. Repr. 287); Com. v. Viele, 33 Pa. C. C. Rep. 333.

*Joseph P. Rogers*, assistant district attorney, with him *Samuel P. Rotan*, district attorney, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1912:

The defendant was convicted of murder of the first degree upon purely circumstantial evidence. At about seven o'clock on the morning of July 30, 1910, the body of Catherine Clohessy was found with some marks upon the throat, and the coroner's physician testified that the deceased came to her death through asphyxia caused by external violence. She had left her place of business in the vicinity of the spot where her remains were subsequently located about nine o'clock on the previous evening, and she then had in her possession a hand bag, a pocket book and some religious emblems. On that evening the accused was paying a visit in the neighborhood and left for his home at about nine o'clock, passing the place in question. A written statement given by the defendant to the police after his arrest, in which he described his movements at the time of the alleged murder and stated that he had found the pocket book and the religious emblems and had given them to a woman named Barton, from whom they were subsequently recovered, was introduced in evidence by the commonwealth. The defendant did not take the stand in his own behalf. The district attorney in addressing the jury referred to the possession of these articles by the prisoner and said: "There is no one on earth who can tell how these things came into the

possession of the prisoner but the prisoner." Counsel for the accused immediately objected, had the remark duly spread upon the record, and now assigns it for error.

Section 10 of the Act of May 23, 1887, P. L. 158, provides that the neglect or refusal of any defendant, actually on trial in a criminal court, to offer himself as a witness, may not be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial. In Com. v. Foley, 24 Pa. Superior Ct. 414, where the district attorney remarked, "You have this woman here without a denial," Judge ORLADY truly said: "This privilege of the defendant would be of little value if the fact that she claimed its protection could be made the basis of an argument to establish her guilt. . . . In spite of the reasoning and refining which may be urged, there was but one deduction to be drawn from the remark as made under the circumstances, namely, that the refusal of the defendant to testify in her own behalf was significant of her guilt and tended to prejudice the jury against her defense." In the case at bar the strongest evidence against the prisoner was his possession of the property of the deceased, and the remark complained of could have conveyed but one thought to the jury, and that was that the prisoner had not taken the stand to explain how he came by those articles. The district attorney who tried the case may not have meant to breach the statute, but his remark was in the nature of an adverse reference to the neglect of the defendant to offer himself as a witness, which the jury might well have regarded as creating a presumption against the accused. The effect of the remark should have been corrected by setting aside the verdict and granting a new trial.

Since the specification of error just treated of calls for a reversal, it is not necessary to elaborate upon the other assignments further than to say that the written statement of the accused offered by the commonwealth was part of the evidence in the case and should have been referred to in the charge, and that the use of the word

"satisfies" in the instructions brought upon the record by the fifth assignment of error was at least inopportune. Standing alone, this latter part of the charge might have conveyed to the jury the impression that the burden was upon the defense to convince them that the deceased had died a natural death. But when we read the instructions as a whole we find that the trial judge plainly told the jury that the burden was upon the commonwealth "to prove a death by violence beyond a reasonable doubt"; to "exclude the hypothesis that death occurred by accident, mistake, or by natural causes," and that "unless the commonwealth had proved beyond a reasonable doubt that the decedent died by an act of violence at the hands of another person, and if so, that the defendant was that other person, you must acquit." On the whole we are not convinced of reversible error in any of the specifications excepting the sixth, which covers the remark of the district attorney; that assignment is sustained, and the others are overruled.

The judgment is reversed with a venire facias de novo.