Com. of Pa. *v.* Yollin et al., Appellant.

Argued September 24, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*George F. Lowenthal,* for appellants.

*Ephraim Lipschutz,* Assistant District Attorney, and with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., November 22, 1934:

The defendants were indicted and found guilty of keeping and maintaining a disorderly house at 1501 North Thirteenth Street, Philadelphia, which was operated as a tap room and a Chinese restaurant. At the time defendants were arrested, eleven other persons were taken into custody, including two Chinese and nine colored people, three of the latter being women.

The Commonwealth proved that loud noises came from this place, and, frequently, musical instruments, including a saxophone which was played at an open window to attract attention, contributed to the disturbance; that these disquieting sounds continued until the early hours of the morning and could be heard at times as far as a block away. There is no doubt that the evidence was sufficient to show that the peace and comfort of the people in that neighborhood were greatly affected, and established such an unwarranted use of the premises, in a locality where there were private homes, as to constitute a disorderly place.

The appellants contend that, even if a nuisance existed, one Tanenbaum was the guilty party, and not they, as Tanenbaum was the lessee of the property. The guilt of the defendants depended, not upon their being proprietors or lessees of the place, but upon the question of whether or not they had the general superintendence of the premises and permitted disorderly

conduct. The keeping and maintaining are an essential element of the offense. By that is meant the management or control of the house and the conduct of the parties therein: 18 C. J. 1246, §39. Tanenbaum visited the place on an average of five nights a week, going about ten o'clock and remaining till midnight. It appears that the rest of the time the resort was under the management and control of the defendants. They were the keepers of the place in the sense that it was under their direction; they were responsible as supervisors for the conduct in this place, at least most of the time. Tanenbaum testified that when he was not there, "they (the defendants) were in charge, absolutely." When complaint was made by a neighbor to one of the defendants of the objectionable features, he was told that if he did not like it he could move from that neighborhood. We think the evidence was sufficient for the jury to conclude that the defendants were responsible for the violation of the statute under which they were indicted.

The appellants further complain that the trial judge in his charge to the jury stated: "The defendants have not been called upon to testify." The general evidence Act of May 23, 1887, P. L. 158, §10 (19 PS §631), provides: "......nor may the neglect or refusal of any defendant, actually upon trial in a criminal court, to offer himself as a witness be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial." The language used by the trial judge was not an adverse reference to the failure of the defendants to offer themselves as witnesses. Here, as in Com. v. Chickerella, 251 Pa. 160, 163, 96 A. 129, "all the court said and all that it intended to say was that the facts as presented by the Commonwealth had not been contradicted." The mere mention of a defendant's failure to testify does not constitute error. To

come within the statute's inhibition, a comment must go further than in this case and indicate a duty of a defendant to testify, thus permitting an unfavorable inference to be drawn from his failure to do so: Com. v. Green, 233 Pa. 291, 82 A. 250; Com. v. Thomas, 275 Pa. 137, 118 A. 667; Com. v. Foley, 24 Pa. Superior Ct. 414; Com. v. Mellon, 81 Pa. Superior Ct. 20.

We find no error that warrants our disturbing the verdict of the jury.

Judgment in each appeal is affirmed, and it is ordered that the defendants appear in the court below at such time as they may there be called, and that they be by that court committed until they have complied with the sentence or any part of it which had not been performed at the time the appeal in each case was made a supersedeas.