## Commonwealth *v.* Reichard et al., Appellants.

Argued June 21, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Dean L. Foote,* for appellants.

*Wardell F. Steigerwalt,* Assistant District Attorney, with him *George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 15, 1967:

On the night of February 5, 1965, appellants, Charles Schellhamer and Willis Reichard, accompanied by one Carl Moyer, drove to the Washington Grange Building, located in Washington Township, Lehigh County, Pennsylvania. Schellhamer left Reichard and Moyer at the Grange and drove away. Reichard and

Moyer entered the building and removed certain kitchen and cooking utensils, candy, and soft drinks. Shortly thereafter, Schellhamer returned and, together with Reichard and Moyer, loaded the car with the goods. The car was then driven to Moyer's home where the goods were deposited. None of the goods was ever found in the possession of the appellants. Appellants were arrested and convicted of burglary, larceny, and receiving stolen goods.

In light of the issues raised in this appeal, it is unnecessary to review the facts in greater detail other than as they appear below.

Appellants contend that the district attorney, in his argument to the jury, improperly commented on appellants' failure to testify on their own behalf. Specifically, the district attorney stated: "I ask you one thing, did you hear one word of denial?" Defense counsel promptly objected and moved for the withdrawal of a juror, but the motion was denied.

The question presented on appeal is whether this statement was adverse to the defendants under the Act of May 23, 1887, P. L. 158, §10, 19 P.S. §631, which provides in part: ". . . [N]or may the neglect or refusal of any defendant, actually upon trial in a criminal court, to offer himself as a witness be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial." In deciding this question, we must first look to the interpretation of the statute and its constitutional implications.

Although the statute prohibits adverse comment by the court and counsel, it impliedly allows nonadverse comment on the failure of the accused to take the stand. Since the passage of the Act, we have on many occasions considered whether particular statements were adverse to defendants within the meaning of the statute. See *Commonwealth v. Kloiber*, 378 Pa. 412,

106 A. 2d 820 (1954), cert. denied, 348 U.S. 875 (1954), and cases cited therein. Thus, in *Commonwealth v. Green,* 233 Pa. 291, 82 A. 250 (1912), the statement that "there is no one on earth who can tell how those things came into the possession of the prisoner but the prisoner," was held adverse and a new trial was ordered. In *Commonwealth v. Foley,* 24 Pa. Superior Ct. 414 (1904), "You have this woman here without denial," was also found to be adverse to the defendant. The cases reflect, therefore, that a statement which draws attention to or focuses on the fact that no one except the defendant can rebut the Commonwealth's case falls within the proscription of the statute. *Commonwealth v. Carr,* 137 Pa. Superior Ct. 546, 10 A. 2d 133 (1939). In essence, to constitute error, the comment must indicate a duty of the defendant to testify, and permit an unfavorable inference to be drawn from his failure to do so. *Commonwealth v. Kloiber,* supra.

We recognize, of course, that a comprehensible and easily applicable line with regard to what is "adverse comment" cannot be drawn definitely.[1] The core question of analysis in any case under this Act remains whether the defendant's constitutional privilege against self-incrimination has been adequately protected. The standard stated above is an adequate guideline in an area where many possible inferences can be drawn from comments relating to the failure of a defendant to testify. But, since such comments often serve only to prejudice the defendant's position by spotlighting

---

[1] Compare: *Commonwealth v. Smith,* 186 Pa. Superior Ct. 89, 140 A. 2d 347 (1958); *Commonwealth v. Schuster,* 158 Pa. Superior Ct. 164, 44 A. 2d 303 (1945); *Commonwealth v. Chickerella,* 251 Pa. 160, 96 A. 129 (1915); with *Commonwealth v. Carr,* 137 Pa. Superior Ct. 546, 10 A. 2d 133 (1939); *Commonwealth v. Green,* 233 Pa. 291, 82 A. 250 (1912); *Commonwealth v. Foley,* 24 Pa. Superior Ct. 414 (1904).

his refusal to testify or deny the charges against him, courts should exercise the greatest care to assure that no such comment could possibly raise such an inference.

The case of *Griffin v. California*, 380 U.S. 609 (1965), decided by the United States Supreme Court, comports with our interpretation of the Pennsylvania Statute. In *Griffin* the Court held that comment by a prosecutor concerning the failure of the defendant to take the stand violated the Fifth Amendment as applied to the states through the Fourteenth Amendment.[2] See *Malloy v. Hogan*, 378 U.S. 1 (1964). Justice DOUGLAS, writing for the majority, stated that: "What the jury may infer, given no help from the court, is one thing What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another." *Griffin v. California*, supra at 614. As we interpret the Supreme Court's opinion in *Griffin*, neither court nor counsel may comment on defendant's failure to testify.

As the Supreme Court stated in *Griffin*, the presumption of innocence in favor of a defendant in a criminal case is seriously jeopardized by any comment concerning his silence. Realistically, the defendant's words and actions will be viewed with a critical eye if he chooses to testify. "It is not everyone who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity,

---

[2] The California Constitution, Article I, §13, provides in part that: "[I]n any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by the court and by counsel, and may be considered by the court or the jury." While the comments of the trial judge and prosecutor in *Griffin* were far stronger than those involved here, the Supreme Court indicated that any comment which draws attention to defendant's failure to testify abridges his constitutional rights.

60

nervousness when facing others, and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove prejudices against him. It is not everyone, however honest, who would, therefore, willingly be placed on the witness stand." *Wilson v. United States,* 149 U.S. 60 at 66 (1893).[3] A defendant may refuse to testify for reasons wholly unrelated to his innocence or guilt. Consequently, permitting comment upon the defendant's failure to testify subjects the accused to the hard choice of testifying or running the risk of a jury's unwarranted inference of guilt from his silence.

With these principles in mind, we now examine the contention of the appellants. The defense in this case presented two alibi witnesses on behalf of defendant Reichard and none on behalf of defendant Schellhamer. These witnesses were the only ones called by the defense. In light of the record, the prosecutor's statement implied that the defendants themselves were the only ones who could and should have denied the charges against them. The jury might reasonably have inferred from this statement that their failure to do so was evidence of their guilt. In our opinion, therefore, the statement was adverse under the Act, as well as violative of the defendants' rights under the Fifth and Fourteenth Amendments of the United States Constitution.

---

[3] See also 8 Wigmore, Evidence, §2272 (McNaughton rev. 1961) : "In the case of an *accused,* as a matter of logic, failure to testify may indeed imply confession of guilt of at least one of the crimes or degrees of crime charged. In *most* instances . . . this is probably the true significance of silence. But silence by the accused also, as a matter of logic, may imply fear of exposure of matters related only remotely to the charges, fear of impeachment . . . or fear that his demeanor on the witness stand will do his innocence a fatal disservice." ·

The Commonwealth further contends, however, that even if the prosecutor's comment was adverse, the judge corrected it through a cautionary instruction in his charge to the jury. Ordinarily, improper remarks by the court or prosecutor can be corrected by timely instructions and are thereby rendered "harmless." But, in cases where the errors are materially detrimental and prejudicial to the defendant, the error cannot be cured by subsequent instructions to the jury. *Commonwealth v. Wilcox*, 316 Pa. 129, 173 A. 653 (1934).

We conclude that a new trial must be ordered in this case, in accordance with the test formulated by the United States Supreme Court in *Chapman v. California*, 386 U.S. 18 (1967).[4] There, the Court held that, in any case involving abridgement of constitutional rights, the error is not correctable if ". . . there is a reasonable possibility that the evidence complained of might have contributed to the conviction." In this particular case, it is clear that the prosecutor's statement could have contributed to the jury's ultimate determination of guilt. The error, therefore, was not curable and a reversal is required.

A number of other contentions are advanced by these defendants regarding alleged errors in their original trial. In view of our disposition of this case, none of those points need be considered further.

Judgment reversed and new trial awarded.

WRIGHT and WATKINS, JJ., would affirm on the opinion of Judge SCHEIRER for the court below.

---

[4] The Supreme Court of Pennsylvania has said: "If the remark is of such a character as to violate the accused's constitutional rights, such as a reference to his failure to take the witness stand, it cannot be cured by the trial judge and new trial must be ordered; . . . ." *Commonwealth v. Wilcox*, supra at 144. But cf. *Commonwealth v. Kloiber*, supra.