Commonwealth *v.* Bard, Appellant.

Argued December 11, 1967. Before WATKINS, MONT-GOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., and WRIGHT, J., absent).

*W. Wallace Dyer, Jr.,* for appellant.

*John A. McMenamin,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 15, 1968:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant, Leon Bard, and a co-defendant, Melvin Edwards, were jointly tried and convicted of burglary, assault and battery, and aggravated robbery. Appellant and his co-defendant were represented by the same counsel at trial.

During the trial, defense counsel placed Edwards on the stand, and Edwards gave exculpatory statements. After Edwards was cross-examined, defense counsel announced that defense rested. The following colloquy then occurred:

"COURT: Now, you are not calling the Defendant, Leon Bard.

"MILLER: Leon Bard? No.

"COURT: Mr. Bard, we understand that you do not want to take the witness stand, is that correct?

"MILLER: Well, I don't . . . there are reasons—I am his attorney.

"COURT: I am not saying that he should, but I just want to make sure that this is his decision. And you are saying that this is your decision.

"BARD: Yes sir.

"COURT: All right.

"MILLER: His decision, and his attorney's decision.

"COURT: He can make this decision. This is proper.

"MILLER: Well. . . .

"COURT: But I wanted to know whether it was his, and not just yours, do you see?

"MILLER: Well I do not want any inference that would arise from this. . . .

"COURT: There is no 'inference' from that, the jury will not. . . . You are not to draw any inference from that, one way or the other."

Appellant contends that it was reversible error for the trial judge, in the presence of the jury, to question defense counsel and appellant concerning appellant's decision not to testify. I agree.

In *Commonwealth v. Reichard,* 211 Pa. Superior Ct. 55, 58-9, 233 A. 2d 603, 605 (1967), our court dealt at great length with the issue of what comments made by counsel or the court as to defendant's failure to testify are adverse and, therefore, invalid under the Act of May 23, 1887, P. L. 158, §10, 19 P.S. §631. We stated that ". . . since such comments often serve only to prejudice the defendant's position by spotlighting his refusal to testify or deny the charges against him, courts should exercise the greatest care to assure that no such comment could possibly raise such an inference."

The instant case aptly serves to exemplify the effects of an adverse comment. Here, the questions of the trial judge and the answers he received immediately placed appellant in less favorable light than his co-defendant and gave the impression that the appellant had something to hide. In other words, the jury was invited to speculate as to what appellant might be hiding, especially since the questions were asked right after the co-defendant had testified as to exculpatory events. The natural expectation of the jury would be that the appellant, if innocent, would corroborate the testimony of his co-defendant.

The inference that appellant was hiding something was further strengthened by the response which the direct questioning of appellant elicited from his surprised counsel: "Well, I don't. . . . *There are reasons*—I am his attorney." [Emphasis added] The jury was bound to speculate what those reasons were, and come to a conclusion that was adverse to appellant.

There is no question that the trial judge was attempting to ascertain whether appellant was knowingly exercising his right to remain silent. However, this

could have been done through the simple expedient of a side bar conference. Such a conference would have completely avoided the prejudice which resulted from conducting the questioning in hearing of the jury.

In my view, therefore, the questioning done by the trial court is specifically condemned by the Act of May 23, 1887, supra, which precludes adverse comment by the court on a defendant's failure to offer himself as a witness. See *Commonwealth v. Reichard,* supra.

I would, therefore, remand and grant appellant a new trial.