326 A.2d 400
**COMMONWEALTH of Pennsylvania**
v.
**Ronald RILEY, Appellant.**

Supreme Court of Pennsylvania.
Argued April 22, 1974.
Decided Oct. 16, 1974.

Eugene E. Kellis, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., David Richman, Asst.

Dist. Atty., Chief, Appeals Div., James J. Wilson, Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J. and EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

## OPINION

JONES, Chief Justice.

Appellant, Ronald Riley, was found guilty by a jury of first-degree murder and aggravated robbery on July 23, 1973. Following the denial of motions for new trial and in arrest of judgment, the court sentenced appellant to life imprisonment on the murder charge and ten to twenty years' imprisonment on the robbery charge, the sentences to run concurrently. This direct appeal followed.

The only questions presented on appeal involve allegedly prejudicial remarks of the prosecutor during his cross-examination of appellant. On direct examination appellant testified that he had been convicted of robbery in 1971. He also testified, however, that this conviction was the result of his taking responsibility for the acts of his twin brother out of brotherly love. On cross-examination, the following transpired:

"BY MR. KNAUER:

Q. Mr. Riley, you say that you were arrested back in April of 1971, or thereabouts, for robbery; is that correct?

A. Yes.

Q. Now, you say that the reason you were convicted of that was some mistaken identity between you and your brother?

A. Yes.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

Q. Now, your brother wasn't around when this happened; was he?

A. What?

Q. Your brother wasn't around when this killing happened; was he?

A. No.

Q. Where was he?

A. I don't know.

Q. Wasn't he in Holmesburg on his own murder?

MR. KELLIS: Objection, your honor.

THE COURT: Objection sustained.

Q. You are not telling this jury that Ervin Ballard confused you and your brother; are you?

A. No.

MR. KELLIS: Objection, your Honor.

How can he know what Mr. Ballard was thinking?

MR. KNAUER: Your Honor—

THE COURT: Just a moment. Come to side bar.

(Whereupon, at this time, the following transpired at side bar, out of the presence of the jury.)

THE COURT: I am telling the district Attorney to get off this subject immediately."

Appellant contends (1) that the above quoted remarks of the district attorney were so prejudicial as to deprive him of a fair trial, and (2) that the court erred in not giving cautionary instructions regarding these remarks despite defense counsel's failure to request such instructions or to move for a mistrial. We can find no merit in either of these contentions and thus we affirm.

It has long been the law of this Commonwealth that a new trial will be given because of remarks of the prosecuting attorney only when the character of those remarks is such that the reasonable effect would be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant, so that they could not fairly weigh in his behalf such circumstances of

doubt, extenuation or degree of guilt that may be present in the case, and thus make them unable to render a true verdict. *Commonwealth v. Revty*, 448 Pa. 512, 295 A.2d 300 (1972); *Commonwealth v. Potter*, 445 Pa. 284, 285 A.2d 492 (1971). Thus, not "[e]very unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel" will justify a reversal. Rather, the remark must be prejudicial, i. e., "of such a nature of substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial." *Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973).

■ In light of appellant's tactic in the present case of introducing the identity problem at trial,[1] we can find nothing inappropriate in the general line of the prosecutor's cross-examination. Nevertheless, it was unnecessary for the prosecutor to mention why appellant's brother was incarcerated and the objection on this point was properly sustained. However, it is inconceivable that this isolated remark, which actually impugns appellant's brother more than appellant, could be considered sufficiently prejudicial to warrant a new trial. The very fact that no motion for mistrial was made bespeaks the innocuous nature of this occurrence. Moreover, once the above-quoted exchange was completed, no further mention of the subject was made either during trial or in closing argument.[2]

1. While appellant contends that his testimony regarding the prior identity problem with his brother was only to dissipate the impact of his prior robbery conviction (which, incidentally, appellant had brought out himself on direct examination), the Commonwealth argues that appellant was also trying to imply that perhaps his brother was the culprit in this case and that once again his (appellant's) brotherly love compelled him to "take the rap" to protect his brother. We think this is a fair and realistic inference and thus justified the prosecution's rebutting any possibility of mistaken identity in this case.

2. Appellant cites *Commonwealth v. Revty*, 448 Pa. 512, 295 A.2d 300 (1972), as supportive of his position in this case. *Revty*, however, is readily distinguishable for several reasons. First, the

As to appellant's contention that the trial court erred in failing to give a cautionary instruction to the jury to disregard the questioned remark, we find no merit whatsoever. If a party fails to specifically except to a court's instructions, he has in effect waived any claim of defect or omission. *Commonwealth v. Clair*, Pa., 326 A. 2d 272 (J–216 filed October 16, 1974); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). We have serious doubts whether there was any error in the judge's actions and we feel that the questioned incident does not even arguably fall within the ambit of basic and fundamental error. The trial judge may have done appellant a service in not giving a cautionary instruction since such an instruction might merely have served to emphasize or refresh the jury's recollection of this brief incident. In any event, we cannot say that it was error not to take such action, especially in light of appellant's failure either to move for a mistrial or to request such instructions.

Judgments of sentence affirmed.

EAGEN, O'BRIEN and POMEROY, JJ., concur in the result.

MANDERINO, J., did not participate in the consideration or decision of this case.

remarks there related to a matter which was clearly collateral to the question of guilt. Secondly, those remarks were far more extensive and were reiterated in closing argument. Finally, the trial court in *Revty* sanctioned the remarks while the court in the instant case halted the improper remarks at the very outset.