356 A.2d 784
COMMONWEALTH of Pennsylvania
v.
Enos BRENIZER, Appellant (two cases).

Supreme Court of Pennsylvania.
Argued March 8, 1976.
Decided May 12, 1976.

---

348

John J. Dean, John H. Corbett, Jr., Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROB-
ERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On February 11, 1975, appellant, Enos Brenizer, was
convicted by a jury of murder in the second degree and
kidnapping. Post-trial motions were filed and denied by
a court en banc. On April 8, 1975, the court imposed a
sentence of life imprisonment for second-degree murder
and a concurrent term of not less than ten nor more than
twenty years' imprisonment on the kidnapping indict-
ment. Appellant appealed the murder conviction to this
court and also appealed the kidnapping conviction to the
Superior Court, which in turn certified the record to this
court on July 3, 1975.

The facts surrounding this appeal are as follows. On
August 31, 1974, appellant, accompanied by four compan-
ions, went to the Cove Bar in Plum Borough, outside
Pittsburgh, to meet the decedent, Michael Nelson, who
was a bartender at the Cove Bar. The purpose of the
meeting was to confront the decedent concerning the al-
leged rape of one of the group's girlfriends. Two wit-
nesses testified that they saw the decedent being beaten
by appellant and his companions and also witnessed the
decedent being forced into an automobile by the group.
Nelson's body was found early the following morning
and appellant and four members of the group that ac-
companied him to the bar were arrested for the homi-
cide.

Appellant argues that the district attorney's "explana-
tions" of appellant's not-guilty plea in his summation
were improper and prejudicial comments upon appel-
lant's not taking the stand in his own defense. We
agree. The following is the complained of portion of the
district attorney's closing remarks:

"This defendant has pleaded not guilty. I for one
wonder just exactly how that applies in this case. Ev-

identally [sic] he says he didn't do anything, that he is no way involved or culpable. *I guess that's what we can discern from this plea.*

"*But really what does it mean?* Does it mean that he wasn't there at all? Does it mean, 'I've never seen these people before in my life, I wasn't out there on the Saturday evening, I wasn't with Lamonna?" Seriously, I don't think that it means that because we have witnesses here, some disinterested witnesses, who saw him in the bar, saw him in that car. So I take it it doesn't mean that.

"*Well, what does it mean?* Does it mean, 'Well, I was there but I didn't know what was going to happen. I just happened to be an innocent bystander. Oh, I got blood on my pants because I was standing next to him. That's all. It got all the way up to my knees. From his head and face somehow it got down to my ankles, my calf, my knees. I didn't have anything to do with it. I was just standing next to him?'

"*Perhaps it means, 'I was with Lamonna,* that bad guy with the blood on his hands and on his chest. I was here with him but I didn't help him. I was present when he went to get the bullets, but I had my ears plugged. I didn't hear anything and I wasn't a party to that. I didn't aid or abet him. I was just there and I didn't hear a word.'

"Well, how does that explain this defendant being in the presence of Richard Seachrist and Donald Lamonna when they approached McDade at about 7:00 o'clock?" (Emphasis supplied.)

■■ We are of the opinion that the above comments by the district attorney as to possible "explanations" of appellant's plea of not guilty, when coupled with the fact that appellant did not take the stand or offer any evi-

dence in defense, constitutes impermissible and prejudicial comment on appellant's Fifth Amendment right under the United States Constitution and Art. I, § 9, of the Pennsylvania Constitution, not to have any adverse comment on his not taking the witness stand.

This court in *Commonwealth v. Davis*, 452 Pa. 171, 305 A.2d 715 (1973), in disapproving of a district attorney's use of the words "uncontroverted evidence," when coupled with appellant's failure to testify, stated:

> "Here, where appellant neither testified at trial nor offered any other defense, the ' . . . prosecutor's statement[s] implied that the . . . [defendant himself was] the only [one] who could and should have denied the charges against [him]. The jury *might reasonably have inferred* from [these] statement[s] that [his] failure to do so was evidence of [his] guilt.' *Commonwealth v. Reichard*, 211 Pa.Super. 55, 60, 233 A.2d 603, 606 (1967). Such an inference is patently contrary to the mandate of *Griffin* [*v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)]." At page 174, 305 A.2d at page 717.

\* \* \* \* \* \* \* \*

> "Not only were appellant's rights under the United States Constitution violated, but also his rights under Article 1, § 9 of the Pennsylvania Constitution, and the Act of May 23, 1887 which implements it. It is well settled that *any* comment by the prosecution or the court violates the Act of 1887 if it ' . . . draws attention to or focuses on the fact that no one except the defendant can rebut the Commonwealth's case. . . . ' *Reichard*, supra, 211 Pa.Super. at 58, 233 A.2d at 604. It is obvious, on this record, that the prosecutor's comments clearly did that which is prohibited by the Act. 'We think the assistant district attorney went too far, both under the Act of 1887 and under the Fifth Amendment proscription as enunciated in *Griffin*.' *Commonwealth v. Camm*, 443 Pa. 253,

268, 277 A.2d 325, 333 (1971)." At pages 176–77, 305 A.2d at pages 718–719. (Emphasis in original.)

In the instant case, because of the district attorney's offering of varying interpretations of appellant's not-guilty plea, the jury "might reasonably have inferred" that appellant's failure to offer any explanation of the plea or any evidence was because of his guilt and that if he were not guilty he would have testified in his own defense in order to establish his innocence.

The Commonwealth argues the remarks were harmless error beyond a reasonable doubt. We do not agree. The district attorney's remarks reasonably may have contributed to the guilty verdict and as such cannot be said to be harmless beyond a reasonable doubt. See *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and *Commonwealth v. Davis, supra.*

Appellant raises other allegations of error which we need not discuss because of the resolution of the above issue.

Judgments of sentence reversed and case remanded for a new trial.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice (dissenting).

I cannot agree that the district attorney's reference to appellant's not-guilty plea in his summation amounted to an adverse comment upon appellant's exercise of his right not to testify in his own behalf. In rejecting a like contention that a district attorney had impermissibly attempted to create an adverse inference regarding the exercise of appellant's Fifth Amendment right, this Court recently set forth the standard which should guide such a determination:

"While it is fundamental that the Fifth Amendment forbids comment by the prosecution on the accused's silence at trial, *Griffin v. California*, 380 U.S. 609, 85

S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Commonwealth v. Davis*, 452 Pa. 171, 305 A.2d 715 (1973), the cross-examination complained of *did not either expressly or by reasonable implication indicate that an adverse inference could be drawn* from the failure of Tervalon to testify nor did it draw attention to his failure to do so."

*Commonwealth v. Tervalon*, 463 Pa. 581, 595, 345 A.2d 671, 678 (1975) (emphasis added).

See also *Commonwealth v. Davis*, 452 Pa. 171, 305 A.2d 715 (1973) (Pomeroy, J., concurring on other grounds).

In the instant case the district attorney made no express reference to appellant's failure to testify; nor do I believe that it can plausibly be said that such a reference arises by "reasonable implication." Indeed, "[t]o hold that this kind of remark, without more, and particularly without any reference to the refusal of the defendant to testify . . . is an adverse comment on the defendant's exercise of his Fifth Amendment right seems to me to be stretching things unduly." *Commonwealth v. Davis*, 452 Pa. at 181, 305 A.2d at 721 (Pomeroy, J., concurring on other grounds).

While the zeal of the public prosecutor must never be allowed to transform the search for truth into a mere quest for conviction, neither must the prosecutor be unduly hampered in the presentation of the Commonwealth's case. In the course of reversing a judgment of sentence on the ground that a district attorney had impermissibly expressed his personal opinion as to the guilt of the defendant we stated:

"To hold as we do today does not mean, as the Commonwealth suggests, that a prosecuting attorney is no longer 'entitled to argue his case to the jury forcefully and, if need be, with eloquence,' (Commonwealth's brief at 24) nor does it mean, that 'he has been [shorn] of all oratorical emphasis,' to use Judge

Learned Hand's phrase. See *DiCarlo v. United States,* 6 F.2d 364, 368 (2d Cir. 1925), cert. denied, 268 U.S. 706, 45 S.Ct. 640, 69 L.Ed. 1168 (1925). We recognize that a district attorney must have reasonable latitude in fairly presenting a case to the jury, and that the trial judge must have reasonable discretion in deciding whether the bounds of propriety have been exceeded. See *Commonwealth v. McNeal,* 456 Pa. 394, 400, 319 A.2d 669 (1974). As the commentary to the ABA Standards puts it, 'Of course, a prosecutor must be free to present his arguments with logical force and vigor.' "

*Commonwealth v. Cronin,* 464 Pa. 138, 143, 346 A.2d 59, 62 (1975).

Viewed in the context of his entire closing address, the district attorney's reference to appellant's not-guilty plea was made as part of an argument calculated to persuade the jury that the defendant's assertion of innocence was incredible in light of the evidence presented at trial. Such advocacy, I believe, falls within the bounds of the "reasonable latitude" the district attorney must be allowed in the presentation of his case. Furthermore, even if it be assumed that the district attorney exceeded the limits of permissible advocacy, a reversal would be mandated only if the unavoidable effect of his comments would be so to prejudice the jury that they could not fairly weigh the evidence and reach a just verdict. *Commonwealth v. Stoltzfus,* 462 Pa. 55, 337 A.2d 873 (1975); *Commonwealth v. Riley,* 459 Pa. 42, 326 A.2d 400 (1974); *Commonwealth v. McNeal,* 456 Pa. 394, 319 A. 2d 669 (1974). In my mind, the cautionary instructions given to the jury by the trial judge were sufficient to prevent this prejudicial effect. Accordingly, I respectfully dissent.