417 A.2d 690

**COMMONWEALTH of Pennsylvania**

v.

**Robert H. WEAKLAND, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 28, 1979.

Filed Dec. 21, 1979.

362

364

Thomas G. Gavin, West Chester, for appellant.

Alan J. Jarvis, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

 Appellant contends, *inter alia,* that (1) his trial counsel was ineffective for failure vigorously to pursue a change of venue motion;[1] (2) the trial court erred in deny-

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

1. Appellant's other allegations of ineffective assistance of counsel are without merit. He first contends that counsel was ineffective because he did not spend sufficient time conferring with appellant in preparation for trial. Mere shortness of time spent conferring with a client does not, however, constitute a basis for a finding of ineffectiveness. *Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973).

Appellant further alleges that trial counsel's failure to seek a cautionary instruction or a mistrial when confronted with unresponsive testimony from the deceased's wife demonstrated ineffectiveness. "Every unwise or irrelevant remark does not compel the granting of a new trial." *Commonwealth v. Allen,* 239 Pa.Super. 83, 93, 361 A.2d 393, 398 (1976). Trial counsel in this case objected to the unresponsive testimony, and it was stricken. Moreover, there was a reasonable basis for his decision not to move for a mistrial or cautionary instruction because the potential prejudice from the remarks was slight and they had little impact on the jury during the course of the five-day trial. A cautionary instruction might have merely emphasized the irrelevant remarks in the minds of the jurors. *See Commonwealth v. Riley,* 459 Pa. 42, 326 A.2d 400 (1974) (Opinion in support of affirmance).

Finally, appellant contends that trial counsel was ineffective for allegedly failing adequately to explore the defenses of diminished capacity and insanity. The record reveals, however, that trial counsel did present a diminished capacity defense and that the court charged the jury on the issue of diminished capacity. Although no insanity defense was pursued by trial counsel, appellant has not borne his "burden of presenting competent evidence of an omitted meritorious claim." *Commonwealth v. Barnes,* 248 Pa.Super. 579, 375 A.2d 392 (1977). The only evidence of insanity presented by appellant post-trial was the self-serving testimony of his mother regarding the psychiatric treatment of appellant for a period of four months at least five years prior to trial. This evidence does not

ing his motion for a mistrial;[2] and (3) the trial court erred in imposing an excessive sentence. We agree with appellant's final contention and, accordingly, vacate the judgment of sentence and remand for resentencing.

On August 2, 1976, appellant and his brother, James Weakland, robbed a Chester County service station-general store owned by Cecil and Florence Rash. During the course of the robbery, James shot and killed Mr. Rash and forced another man to help him escape from the scene of the crime. Both James Weakland and appellant were apprehended near the service station shortly after the crime occurred.

On November 30, 1976, James Weakland entered a plea of nolo contendere to certain of the charges arising from this incident. Articles appearing in local newspapers on December 1 and 2, and a local radio station broadcast on December

support a finding that counsel's failure to explore that defense constituted ineffectiveness.

2. Appellant's other assignments of court error are without merit. He contends that the trial court erred in failing to appoint new trial counsel pursuant to appellant's pre-trial request. The request for new counsel was based upon appellant's allegation that counsel had not spent sufficient time conferring with him and had consistently advised him to plead guilty. Although criminal defendants have a right to court-appointed counsel, they did not have a right to counsel of their choice. *Commonwealth v. Tyler*, 468 Pa. 193, 360 A.2d 617 (1976). There was no finding that irreconcilable differences of opinion existed between appellant and trial counsel which would have justified court appointment of new counsel. *Id.*

Appellant further contends that the lower court erred in denying his motion for a change of venue. Because of the character of the pre-trial publicity and the cooling-off period between the time of the reports and the trial, we find that the court did not abuse its discretion in denying the motion. *See* discussion of motion for change of venue, *infra*.

Finally, appellant alleges that the trial judge erred in refusing to permit certain questions on voir dire. The first question in issue was, however, properly rejected by the trial judge because it asserted that the Commonwealth must prove *every* issue and fact in the case beyond a reasonable doubt, a misstatement of the law. *See Commonwealth v. Royster*, 472 Pa. 581, 372 A.2d 1194 (1977). The trial judge properly refused the second question as well because it sought to determine the jurors' predispositions on the issue of punishment rather than whether the jurors had fixed opinions as to guilt or innocence. *See Commonwealth v. Sparrow*, 471 Pa. 490, 370 A.2d 712 (1977).

1, 1976, reported James Weakland's plea and mentioned that he was appellant's brother. Appellant's case was called for trial on January 4, 1977. At that time appellant's counsel orally pursued a motion for change of venue, which he had previously filed with the court, on the grounds of prejudicial pre-trial publicity.[3] Trial counsel told the trial judge, however, that his original motion for change of venue had been based upon anticipated extensive publicity that did not materialize. The court denied the motion. Although some veniremen indicated at the voir dire that they knew of the incident, all of the jurors selected stated that they did not have a preconceived notion regarding appellant's guilt or innocence.

At trial, a state police officer testified that he had found some marijuana, a marijuana pipe, and two roach clips in appellant's car along with the items stolen from the Rash establishment. Appellant was convicted of second degree murder, robbery, kidnapping, aggravated assault, theft, and criminal conspiracy. Although he was represented by the Public Defenders Office at trial, new counsel was appointed prior to the argument on post-trial motions. Post-trial counsel alleged in the brief and at the argument on post-verdict motions ineffectiveness of trial counsel. The court imposed the mandatory life sentence on the second degree murder conviction, followed by consecutive sentences aggregating 33½ to 67 years on the other charges. Although the trial judge did not order a pre-sentence report, his opinion on the sentence considered the character of the crime in imposing sentence.

▮▮▮▮ Appellant's first contention is that trial counsel was ineffective for failing vigorously to pursue the motion for change of venue. It is by now axiomatic that in reviewing a claim of ineffectiveness of counsel "our inquiry ceases and counsel's assistance is deemed constitutionally effective once

**3.** Reports of jury selection in appellant's case also appeared in the local newspaper on January 8, 1977, and were broadcast on the local radio station on January 3, 4, 5, and 6. These reports were very brief and factual in nature.

we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). Thus, "[a] decision by counsel not to take a particular action does not constitute ineffectiveness if it is based on a reasonable conclusion that there will be no benefit and is not caused by sloth or ignorance of available alternatives." *Commonwealth v. Yost*, 478 Pa. 327, 338, 386 A.2d 956, 962 (1978). In *Yost* Supreme Court of this state, therefore, determined that it was reasonable for trial counsel not to file a change of venue motion where a similar motion had been denied in the separate case of appellant's co-defendant. *Id.*

Although granting a change of venue motion is within the sound discretion of the trial judge, *Commonwealth v. Martinolich*, 456 Pa. 136, 318 A.2d 680 (1974), our cases have set forth several factors relevant to the determination of whether pretrial publicity has been so prejudicial as to warrant such a change. The relevant factors include: whether the publicity was factual and objective rather than inflammatory; whether the news report referred to the accused's confessions; whether the publicity referred to the criminal record of the accused; and whether the information was a product of police or prosecutorial reports. *Commonwealth v. Casper*, 481 Pa. 143, 392 A.2d 287 (1978). Moreover, the prejudicial impact of pre-trial publicity may be dissipated such that a change of venue is not necessary when there is a cooling-off period between the publicity and the trial. *Id.*

In this case, there was a reasonable basis for trial counsel's conclusion that vigorous pursuit of the motion for change of venue would have been fruitless. The newspaper and radio reports of James Weakland's plea were merely objective factual reports, not sensational or inflammatory. They did not reveal the past criminal record of appellant nor did they refer to a confession by appellant. Moreover, the reports appeared in the newspaper and were heard on the radio in early December, while appellant's trial did not begin

until January.[4] This cooling-off period dissipated any prejudice to the appellant caused by the reports of James Weakland's plea.

Appellant next contends that the lower court erred in denying his motion for a mistrial which was based upon Trooper Fedin's reference at trial to the marijuana found in appellant's car. As a general rule, " 'the [Commonwealth] may not introduce evidence of the defendant's prior criminal conduct as substantive evidence of his guilt of the present charge.' " *Commonwealth v. Rivera*, 470 Pa. 131, 134–135, 367 A.2d 719, 720 (1976) (quoting *Commonwealth v. Allen*, 448 Pa. 177, 181, 292 A.2d 373, 375 (1972)) (footnote omitted). Where, however, this Court is convinced beyond a reasonable doubt that the error did not contribute to the verdict, we may hold that reversal is not required because the error was harmless. *Commonwealth v. Story*, 476 Pa. 391, 385 A.2d 155 (1978). In the instant case, although Trooper Fedin's testimony supported an inference that appellant had previously engaged in criminal activity, that inference was innocuous in view of the great volume of other evidence presented at trial and was, therefore, harmless error. Moreover, it is anomalous for appellant to contend that the prosecution's evidence of his drug use constituted grounds for a mistrial when appellant himself offered evidence of his drug use to support his diminished capacity defense.

Finally, appellant contends that the sentence imposed by the trial judge is unconstitutionally excessive and in contravention of the sentencing code. Although sentencing is largely within the discretion of the trial court, "we

4. Similarly, the mere existence of factual reports of jury selection in appellant's case was not the sort of prejudicial pre-trial publicity which could have given rise to the grant of a motion for a change of venue.

Further, trial counsel was not ineffective for failure to ask the veniremen a specific question about whether they had heard about the nolo contendere plea of James Weakland, as appellant contends. Jurors were asked on voir dire whether they had heard anything about the case generally, rendering a more specific question both unnecessary and unwise.

have held that the court's discretion must be exercised within certain procedural limits, including the consideration of sufficient and accurate information." *Commonwealth v. Martin*, 466 Pa. 118, 131, 351 A.2d 650, 657 (1976). "The sentence must be imposed for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. . . . At least two factors are crucial to such a determination—the particular circumstances of the offense and the character of the defendant." *Id.*, 466 Pa. at 131, 351 A.2d at 658. *See also* 18 Pa.C.S.A. § 1321(b); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Finally, the trial judge must place on the record the reasons for the sentence imposed. *Id.*

In the case at bar, the trial judge considered on the record only the circumstances of the offense in sentencing appellant. Nowhere does it appear that the court considered the minimum sentence necessary for protection of the public and the needs of the defendant. We must, therefore, vacate the judgment of sentence and remand the case in order to afford the lower court an opportunity to resentence appellant, considering on the record the factors necessary to a valid sentence.

Judgment of sentence vacated and case remanded for resentencing.