PEOPLE v HAMPTON

Docket No. 55821. Decided July 23, 1975.

> Harry L. Hampton was convicted in the Washtenaw Circuit
> Court, William F. Ager, Jr., J., of uttering and publishing a
> forged check. The Court of Appeals, J. H. Gillis, P. J., and R. H.
> Campbell, J. (R. B. Burns, J., dissenting), affirmed (Docket No.
> 16914). On application for leave to appeal, reversed and re-
> manded for new trial. *Held:*
>
> 1. The court *may* instruct the jury on the effect of the
> election of the defendant in a criminal case not to testify unless
> the defendant expressly requests that no instruction be given,
> and then no instruction on the subject shall be given.
>
> 2. The court *shall* instruct the jury upon the effect of the
> election of a defendant not to testify when such an instruction
> is requested by any defendant in a criminal case where there is
> more than one defendant.
>
> 52 Mich App 71; 216 NW2d 441 (1974) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Chief, Appellate Division, for the people.

*State Appellate Defender Office* (by *Steven L. Schwartz)* for defendant.

MEMORANDUM OPINION. The delayed application by defendant-appellant for leave to appeal is considered and the same is hereby granted. Pursuant to GCR 1963, 865.1(7), the Court reverses defendant's conviction and remands for a new trial.

Defendant was convicted by a jury of uttering and publishing a forged check, MCLA 750.249; MSA 28.446. At trial defendant did not testify. Defendant specifically requested the trial court not

to give a cautionary instruction to the jury concerning his failure to testify. The trial court nevertheless gave the jury a cautionary instruction that no inference of guilt arises from a defendant's failure to take the stand.

In a criminal case where the defendant elects not to testify, the court *may* instruct on the effect thereof, unless defense counsel (or the defendant acting *in propria persona)* expressly requests, before the Court instructs the jury, that no instruction be given on the subject in which event no instruction on the subject shall be given. In trials involving more than one defendant, the court *shall* give such an instruction upon the request of any defendant.

Reversed and remanded for new trial.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.

SWAINSON, J., took no part in the decision of this case.