**STATE of Minnesota, Respondent,**

v.

**Roger Arthur THOMPSON,
Petitioner, Appellant.**

No. C1–87–2475.

Supreme Court of Minnesota.

Sept. 30, 1988.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Bruce F. Gross, Cottonwood Co. Atty., Windom, for respondent.

## OPINION

AMDAHL, Chief Justice.

In *State v. Thompson*, 427 N.W.2d 266 (Minn.App.1988), the court of appeals affirmed the felony theft conviction of defendant, Roger Arthur Thompson. We granted the defendant's petition for review not because we disagree with the ultimate decision of the court of appeals but in order to expand upon the court of appeals' analysis of two of the issues. These issues are: (1) whether a criminal defendant has a right to be present at an in-chambers hearing to determine the competency of a child as a witness and (2) whether a trial judge

ordinarily should obtain the defendant's permission before instructing the jury that it is not to draw any adverse inference from the defendant's decision not to testify.

Late one night in November of 1983 defendant, accompanied by his stepson, went to a store in Windom and stole a log splitter valued at $1,325. Defendant dismantled the splitter, discarded some parts with serial numbers on them and other parts, and concealed the rest of the parts in a garage on his property. In the fall of 1986 a neighbor of defendant reported to the sheriff that he had found a motor and pump buried on his property just 120 feet from defendant's property line and 200 feet from defendant's out-buildings. The sheriff talked to defendant's wife, who had separated from defendant and had obtained an order barring defendant from the property. She let the sheriff search the garage. He found some of the parts of the stolen log splitter. Later the stepson, then age 11, showed the sheriff more of the parts. The stepson also testified against defendant at trial. The dealer positively identified the log splitter as one stolen from his place of business.

In addition to addressing the issues that we address, the court of appeals held (1) that the evidence of defendant's guilt was sufficient; (2) that the prosecution was not barred by the applicable statute of limitation, Minn.Stat. § 628.26(d) (1982); and (3) that defendant's estranged wife validly consented to the search by the sheriff. We agree with the court of appeals' conclusions with respect to these issues.

■ 1. The first of the two issues that we address in detail is the issue relating to the right of a criminal defendant to be present at a hearing to determine the competency of a child witness. The trial court conducted its examination of the stepson, age 11, in the presence of defendant's attorney but in defendant's absence. Since the defendant's attorney did not request

that defendant be allowed to be present or object to defendant's absence, the court of appeals should have held simply that the issue was forfeited. *United States v. Gagnon*, 470 U.S. 522, 529, 105 S.Ct. 1482, 1485–86, 84 L.Ed.2d 486 (1985) (a defendant who does not assert his right to be present at a particular in-chambers hearing may not claim it for the first time on appeal from a conviction of guilt). Addressing the merits of the issue, the court of appeals held that it was proper to conduct the competency examination in defendant's absence. *State v. Thompson*, 427 N.W.2d 266, 269 (Minn.App.1988). In so holding, it relied on its own decision in *Moll v. State*, 351 N.W.2d 639 (Minn.App.1984), and the United States Supreme Court's decision in *Kentucky v. Stincer*, 482 U.S. 730, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987), holding that a defendant does not have a right under the federal constitution to attend an in-chambers competency examination of a child.

■ The court of appeals' analysis is accurate as far as it goes: the exclusion of a defendant from an in-chambers hearing to determine the competency of a child witness does not violate the confrontation clause or the due process clause of the federal constitution. *Kentucky v. Stincer*, 482 U.S. 730, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987).[1] However, Minn.R.Crim.P. 26.-03, subd. 1, gives a criminal defendant a right to be present at "every stage of the trial." The United States Supreme Court has recognized that the right to be present under Fed.R.Crim.P. 43 (on which Minn.R.Crim.P. 26.03, subd. 1 is based) is broader than the right to be present under the federal constitution. *United States v. Gagnon*, 470 U.S. 522, 527, 105 S.Ct. 1482, 1484–85, 84 L.Ed.2d 486 (1985). Further, in *Kentucky v. Stincer*, 482 U.S. 730, 107 S.Ct. 2658, 2664, 96 L.Ed.2d 631 (1987), the United States Supreme Court expressly said that "a competency hearing may well be a 'stage of trial.'" Because we believe

---

1. *Cf., State v. Cermak*, 350 N.W.2d 328, 333 (Minn.1984), a child sex abuse case that preceded the Supreme Court's decision in *Stincer* in which we referred in passing to the right of a

defendant to be present at a hearing to determine the competency of a child witness as a "constitutional" right.

that a competency hearing is a "stage of the trial" under Minn.R.Crim.P. 26.03, subd. 1, we conclude that a criminal defendant has a right to be present at a hearing to determine the competency of a witness, even a child witness. Therefore, if defendant or his attorney had asserted defendant's right to be present in this case, it would have been error for the trial court to deny defendant that right and we would have to determine whether or not the error was prejudicial.

2. The other issue we address in detail is whether a trial judge ordinarily should obtain a criminal defendant's permission before giving CRIMJIG 3.17, which instructs the jury not to draw any adverse inference from the defendant's decision not to testify.[2] The United States Supreme Court has held that a trial court does not violate the federal constitution by giving such an instruction, even over the defendant's objection. *Lakeside v. Oregon,* 435 U.S. 333, 340, 98 S.Ct. 1091, 1095, 55 L.Ed. 2d 319 (1978). In the same case, the court also said that it "may be wise for a trial judge not to give such a cautionary instruction over a defendant's objection" and that "each State is, of course, free to forbid its trial judges from doing so as a matter of state law." *Id.*

Although we held in *State v. Larson,* 358 N.W.2d 668, 671 (Minn.1984) that the trial court there was justified in giving such an instruction over the defendant's objection since defense counsel "opened the door" by his closing argument, we also said, "Notwithstanding *Lakeside,* we believe that the trial court generally should leave it up to the defendant and his attorney to decide whether they want such an instruction." Further, the comment to CRIMJIG 3.17,

which reflects current practice among trial judges in Minnesota, provides that the trial court should not give the instruction unless the defendant himself requests it.[3]

The court of appeals' decision in effect says that the trial court need ask only the defendant's attorney, not the defendant himself, if he wants such an instruction. *State v. Thompson,* 427 N.W.2d 266, 269 (Minn.App.1988). Disagreeing with this, we conclude that the comment to CRIMJIG 3.17 not only reflects current practice among most trial judges but is the better practice. Accordingly, we hold that a trial judge ordinarily should obtain a criminal defendant's permission before giving CRIMJIG 3.17. Further, a record should be made, either by defense counsel on his own or at the trial court's insistence, regarding the defendant's preference in the matter. It does not follow, of course, that the defendant is entitled to a new trial simply because the record on appeal is silent as to whether the defendant and his attorney wanted the instruction, and in this case we readily agree with the court of appeals' ultimate conclusion that the defendant is not entitled to a new trial on this ground.

AFFIRMED.

2. CRIMJIG 3.17 provides:
   The state must convince you by evidence beyond a reasonable doubt that defendant is guilty of the crime charged. Defendant has no obligation to prove himself innocent. Defendant has the privilege not to testify in his own defense. This privilege is guaranteed him by the federal and state constitutions. You should not draw any inference from the fact that defendant has not testified in this case.
   10 R. Hodsdon, Minnesota Practice, CRIMJIG 3.17 (1985).

3. The comment states:
   This instruction should not be given without the clear consent and insistence of the defendant himself. If such an instruction is requested by counsel for the defendant, the judge should require the defendant himself to state on the record that he wishes to have such an instruction given. *State v. Rosen,* 280 Minn. 550, 158 N.W.2d 202 (1968).
   10 R. Hodsdon, Minnesota Practice, CRIMJIG 3.17, comment (1985).