TAMILIA, Judge,
concurring.
I join the majority Memorandum but respectfully add the following analysis regarding the trial court’s failure to give a no-adverse-inference charge when it was not requested by counsel. The trial court adequately covered this aspect of the case in its voir dire to the jury (with two jurors being dismissed for unwillingness to accept the concept) and in subsequent directions and charges throughout the trial. Nevertheless the no-adverse-inference charge must be given at the close of testimony, when specifically requested by counsel, Commonwealth v. Lewis, 528 Pa. 440, 598 A.2d 975 (1991), and it may not be given when specifically waived by counsel, Commonwealth v. Edwards, 535 Pa. 575, 637 A.2d 259 (1993). *506 In either case it is dependent upon trial strategy by counsel whether to request or waive the charge and in neither case when requested is it harmless error to refuse to honor counsel’s request. It, therefore, follows that in every case, whether a request was made or not made, new counsel could have an arguable issue as to effectiveness of counsel in selecting the path chosen, which could result in an appeal to this Court. It renders the trial judge powerless to prevent judicial error and to avoid an appeal and/or PCRA petition. In this case the charge was not requested and counsel is alleged by new counsel to have been ineffective for failing to do so. As indicated above, the status of the law is such that counsel could also have been deemed ineffective if the court had given the full charge at the close of the case and counsel had failed to request waiver of the charge.
Since the law places the burden on counsel to determine, according to trial strategy, when to request or waive the charge Commonwealth v. Howard, — Pa. -, 645 A.2d 1300 (1994), whether or not counsel was ineffective (despite the fact it is not harmless error regardless of which tack counsel takes), turns on whether or not the error so prejudiced appellant that justice did not prevail.. Fortunately, the quagmire presented by the dual error producing requirements established by Lewis and Edwards has to some degree been mitigated by the most recent pronouncement of the Supreme Court in Howard.
In Howard, counsel requested the no-adverse-inference charge after the case was sent to the jury but before the jury deliberations. While the trial court agreed to give the charge, deliberations began and a verdict was entered before the charge was given. The Supreme Court determined the charge should have been given as it was requested, even though untimely, and that failure to give the charge at the close of the case was not harmless error. The action of counsel in failing to request the charge in a timely fashion was unreasonable and ineffectiveness of counsel could be alleged. It could not be alleged that counsel’s strategy, as determined by an objective review of the record, was to waive the charge as he had *507 requested it, although untimely. Nor could it be alleged that by taking the instructions of the court as a whole throughout trial, including during voir dire of the jurors, that the necessity that the charge be given, as required at the completion of the trial, was fulfilled.
Notwithstanding, once the court determines the action of counsel was not reasonable and not harmless error, and counsel was ineffective under Lewis or Edwards, all of the requirements pursuant to Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987), are called into play before counsel’s ineffectiveness can result in reversal. Appellate counsel must show, 1) the underlying claim is of arguable merit; 2) the particular course of conduct did not have some reasonable basis designed to effectuate appellant’s interests; and 3) counsel’s ineffectiveness prejudiced his client.
As discussed above, there is merit to appellant’s claim a no-adverse-inference charge was not requested and the conduct did not have some reasonable basis designed to effectuate his interest. The appellant, however, fails in the third prong of the Pierce requirements in that counsel has failed to show actual prejudice, that is that counsel’s ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings. Id. at 162, 527 A.2d at 977. According to the Supreme Court in Howard, supra:
This standard is different from the harmless error analysis that is typically applied when determining whether the trial court erred in taking or failing to take certain action. The harmless error standard, as set forth by this Court in Commonwealth v. Story, 476 Pa. [391] at 409, 383 A.2d [155] at 164 [ (1978) ] (citations omitted), states that “[wjhenever there is a ‘reasonable possibility’ that an error ‘might have contributed to the conviction,’ the error is not harmless.” This standard, which places the burden on the Commonwealth to show that the error did not contribute to the verdict beyond a reasonable doubt, is a lesser standard than the Pierce prejudice standard, which requires the defendant to show that counsel’s conduct had an actual adverse effect on the outcome of the proceedings. This distinction appro *508 priately arises from the difference between a direct attack on error occurring at trial and a collateral attack on the stewardship of counsel. In a collateral attack, we first presume that counsel is effective, and that not every error by counsel can or will result in a constitutional violation of a defendant’s Sixth Amendment right to counsel. Pierce, supra.
Id. at-, 645 A.2d at 1307-08.
A careful reading of appellants’ brief on the issue of the no-adverse-inference charge fails to disclose how in fact appellant was prejudiced by counsel’s failure to request the charge. Appellant simply relies on Lewis and its progeny to establish ineffectiveness. In the words of Howard,
Under Pierce and its progeny, a defendant is required to show that counsel’s ineffectiveness was of such magnitude that the verdict essentially would have been different absent counsel’s alleged ineffectiveness. Appellant has not identified to this Court how he was in fact prejudiced. Nor can we discern from an independent review of the record how Appellant was prejudiced. Therefore, because Appellant has failed to meet the third prong of the Pierce test, this claim must fail.
(Id., at —, 645 A.2d at 1308.) The posture of the present case is precisely that of Howard, and I agree with the majority that the claim herein, likewise, must fail.
Recently in Commonwealth v. Khamphouseane, 434 Pa.Super. 93, 642 A.2d 490 (1994), this Court held appellant would clearly have been entitled to a “no adverse inference” instruction had one been requested so found it necessary to remand for an evidentiary hearing “to establish whether the failure by counsel to object to the absence of a ‘no adverse inference’ instruction was the result of a strategic decision on counsel’s part or merely the result of sloth or ignorance of available alternatives.”. Id. at 434 Pa.Super. at 111, 642 A.2d at 498. The Khamphouseane panel, however, was without the benefit of Howard and relied entirely on its interpretation of Lewis and Edwards and did not discuss the Pierce rationale which *509 now is required by Howard. Khamphouseane, accordingly, is now of questionable precedential value.
For the above reasons and in compliance with Howard, I agree with the majority’s decision to deny the claim of ineffectiveness of counsel in all respects and affirm the judgement of sentence.