J-A14014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NASIR HASSAN SALEEM JR. | : | |
| | : | |
| Appellant | : | No. 686 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 18, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007434-2018

BEFORE: PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.: **FILED SEPTEMBER 12, 2023**

Nasir Saleem appeals the judgment of sentence imposed by the Delaware County Court of Common Pleas after a jury convicted him of, among other offenses, third-degree murder. Saleem raises three issues on appeal, including a claim that the trial court erred by denying his motion for a mistrial after the court read a no-adverse-inference instruction to the jury when Saleem specifically requested that the jury not receive this instruction. We agree the trial court erred, and we reverse and remand for a new trial.

As the relief we grant is based on the instructions given at the close of testimony, there is no need to provide a detailed account of the factual and procedural history of the case. In brief, Saleem was charged with criminal homicide after he shot and killed his mother's paramour. He eventually proceeded to a jury trial. At trial, Saleem argued the shooting was justified as

he was acting in his mother's defense. Saleem did not testify on his own behalf.

At the close of testimony, defense counsel, the prosecutor and the court addressed the proposed jury instructions during a sidebar charge conference. It was noted that Saleem had previously requested in a pre-trial statement that the court give a no-adverse-inference instruction, that is, an instruction to the jury that they are not to make any adverse inference from a defendant's decision to exercise his constitutional right not to testify at trial. Defense counsel agreed to discuss with Saleem whether Saleem, in fact, wanted the court to give the no-adverse-inference instruction to the jury in its final charge and to then put that decision on the record. Once back on the record, the following exchange took place:

> [DEFENSE COUNSEL]: Judge, I have colloquied Mr. Saleem on his decision whether he would like to agree to have the 'no adverse inference' jury instruction, and he does not want this to go before the jury.
>
> THE COURT: Is all that accurate, Mr. Saleem?
>
> [SALEEM]: Yes.
>
> THE COURT: All right. Anything, any further inquiry requested on behalf of the Commonwealth?
>
> [PROSECUTOR]: No, Your Honor.
>
> THE COURT: May I have that?
>
> [DEFENSE COUNSEL]: I have ripped it.

N.T., 10/22/2021, at 226-227.

Defense counsel was alluding to the fact that he had ripped the page of the proposed jury instructions containing the no-adverse-inference charge. The court then went on to give the final charge to the jury. However, the court, as a result of what it later described as a misunderstanding of Saleem's wishes regarding the reading of the no-adverse-inference charge, proceeded to give the following instruction:

> There is no adverse inference due to the defendant's not testifying in this trial. It is entirely up to the defendant in every criminal trial, whether or not to testify. He has an absolute right, founded on the Constitution, to remain silent. You must not draw any inference of guilt, or any other inference adverse to the defendant from the fact that he did not testify during the trial.

*Id.* at 290-291 (unnecessary capitalization omitted).

At that point, defense counsel stated "Your Honor." *Id.* at 291. The court continued with its instructions, but during a break in the reading of instructions, the following exchange occurred at sidebar:

> [PROSECUTOR]: I know [defense counsel] wanted to bring to your attention, you gave the instruction on no adverse inference, and I believe there was a request not to give that.
>
> [DEFENSE COUNSEL]: Yes, I attempted to object, but you were already halfway through it.
>
> THE COURT: Oh, you didn't want me to give that?
>
> [DEFENSE COUNSEL]: No.
>
> [PROSECUTOR]: No.
>
> [DEFENSE COUNSEL]: That's why I ripped it up.
>
> THE COURT:  Oh, I didn't hear that.

- 3 -

*Id.* at 297.

Defense counsel requested a mistrial. The court denied the motion for the mistrial, but noted counsel's exception and reiterated the mistaken reading of the charge had been based on a miscommunication. ***See id.*** at 299. The jury ultimately found Saleem guilty of third-degree murder, possession of an instrument of crime, and a violation of the Uniform Firearms Act; the trial court sentenced him to an aggregate term of 27 to 54 years' incarceration.

Saleem filed post-sentence motions, which the court denied. He then filed a notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) statement. In the statement, Saleem claimed the trial court erred by denying his motion for a mistrial after the court gave a no-adverse-inference charge in contravention of his express wishes.

In its responsive opinion, the trial court once again conceded it had made a mistake in reading the no-adverse-inference instruction to the jury. It stressed, however, that it had only done so because it had misunderstood the exchange that occurred between the court and defense counsel regarding the instruction. The court explained Saleem had requested that the court give a no-adverse-inference charge in a pre-trial statement, and the court did not understand from the on-the-record exchange after the sidebar charge conference that Saleem had changed his mind. Simply put, the court misheard defense counsel, and thought Saleem still wanted the instruction given. The court stated that despite this "genuine misunderstanding," a mistrial was not

warranted as Saleem had not been prejudiced by the no-adverse-inference charge because its content was cumulative of information given in a question asked to the jury during *voir dire.*

On appeal, Saleem argues the trial court erred by failing to grant his motion for a mistrial. He contends he is entitled to a new trial pursuant to **Commonwealth v. Edwards**, 637 A.2d 259 (Pa. 1993). We agree.

In **Edwards**, the defendant was charged with murder and presented no defense at trial. Defense counsel expressly requested the trial court not to give the jury a no-adverse-inference charge. The trial court, however, denied the request and gave the instruction to the jury. In considering Edwards's claim that the trial court committed reversible error by doing so, our Supreme Court announced the following prospective rule:

> [I]t will be *per se* reversible error if a judge instructs the jury concerning a defendant's right not to testify when the defendant has requested that no such instruction be given. A *per se* rule will avoid time consuming appeals arguing about harmless error and will clearly instruct trial judges as to how to proceed on this question.

**Id.** at 261.

Despite this clear holding, the Commonwealth argues **Edwards** is distinguishable from this case because the trial court here mistakenly gave the no-adverse-inference instruction and did not, as in **Edwards**, intentionally deny a request not to give the charge. We agree with the Commonwealth to the extent that the record supports its assertion that the trial court "did not deliberately ignore the defendant's chosen strategy to decline the instruction,"

and instead, genuinely misunderstood defense counsel when counsel told the court Saleem did not want the instruction given. *See* Commonwealth's Brief at 23.

However, we disagree with the Commonwealth that the fact that the court's error was premised on a mistake somehow removes the error from the ambit of *Edwards's* per se rule. *Edwards* proclaimed, in no uncertain terms, it is *per se* reversible error when a court "instructs the jury concerning a defendant's right not to testify when the defendant has requested that no such instruction be given." 637 A.2d at 261. This is exactly what happened here. And even though the court's giving of the instruction was based on a misunderstanding, there is nothing in the language of *Edwards* to lead us to conclude that such a situation undoes the clear mandate of *Edwards*. As such, we agree with Saleem that *Edwards* controls, and the trial court's error mandates a reversal of his judgment of sentence.

The Commonwealth also argues, however, that the trial court was actually required to give a no-adverse-inference instruction under the post-*Edwards* decision of *Commonwealth v. Thompson*, 674 A.2d 217 (Pa. 1996). There, Thompson did not testify at his trial for a first-degree murder charge. The trial court was not asked to, and did not give, a no-adverse-inference charge. On appeal, Thompson argued his counsel had been *per se* ineffective for failing to request a no-adverse-inference charge or, in the alternative, for failing to conduct an on-the-record colloquy demonstrating he

wished to waive his right to such a charge. The Pennsylvania Supreme Court did not find Thompson's counsel had been ineffective. However, it did announce another prospective rule:

> [W]e hold from this day forward the no adverse inference instruction shall be given absent an express on the record colloquy by the defendant waiving the charge.

*Id.* at 222 (emphasis omitted).

Here, defense counsel and Saleem expressly stated on the record that Saleem did not want the court to give the jury a no-adverse-inference charge. Unlike in *Thompson*, Saleem is not arguing counsel should have requested a no-adverse-inference charge or at least conducted a colloquy on the record establishing that he did not want the charge to be given. Instead, the record reflects that Saleem and counsel discussed the giving of the no-adverse-inference charge, made a strategic choice not to request the charge, and informed the court of that decision. *See id.* at 221 (reiterating that case law establishes that "once a defendant has expressed a clear intent to either include or exclude the [no-adverse-inference] charge that intent must be carried out").

As discussed above, the court misheard the decision, and mistakenly proceeded to give the jury the no-adverse-inference instruction despite Saleem's express request that it not do so. Of course, miscommunications and mistakes, such as the one that occurred here, are inevitable in busy courtrooms. This Court has often stated that defendants are entitled to a fair

trial, not a perfect one. ***See, e.g., Commonwealth v. Ligon***, 206 A.3d 515, 520 (Pa. Super. 2019). In this case, however, our Supreme Court made clear in ***Edwards*** that the reading of a no-adverse-inference instruction when the defendant has requested there not be one - even when done so mistakenly - is reversible error.

In light of ***Edwards***, the trial court committed reversible error and therefore abused its discretion by denying Saleem's motion for a mistrial. We reverse and remand for a new trial. The granting of this relief means there is no need to address Saleem's remaining two claims that the court erred by failing to give a heat of passion voluntary manslaughter instruction or abused its discretion in sentencing him.

Judgment of sentence reversed. Matter remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2023

- 8 -