*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1798**

State of Minnesota,
Respondent,

vs.

David Wayne Grauel,
Appellant.

**Filed October 3, 2016
Affirmed
Rodenberg, Judge**

Kanabec County District Court
File No. 33-CR-14-218

Lori Swanson, Attorney General, Edwin W. Stockmeyer, Assistant Attorney General, St. Paul, Minnesota; and

Barbara McFadden, Kanabec County Attorney, Mora, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Susan J. Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Larkin, Judge; and Smith, Tracy M., Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

On appeal from his convictions of five counts of receiving stolen property, appellant

argues he is entitled to a new trial because the district court plainly erred by reading a

no-adverse-inference instruction to the jury concerning appellant's decision not to testify. Appellant did not personally consent on the record to the instruction. We affirm.

## FACTS

Following a two-day jury trial in March 2015, appellant David Wayne Grauel was convicted of five counts of receiving stolen property. Appellant did not testify, and defense counsel specifically requested the no-adverse-inference instruction concerning that decision. Counsel also assented on the record to the district court's prepared instructions, which included the requested instruction. But the appellant himself was never asked on the record whether he wanted the instruction to be given to the jury.

The district court instructed the jury both orally and in writing, and in each version gave the no-adverse-inference instruction. The instruction was: "The defendant has the right not to testify. This right is guaranteed by the federal and state constitutions. You should not draw any inference from the fact that the defendant has not testified in this case."

In summation, defense counsel highlighted appellant's decision not to testify and appellant's right not to testify and argued concerning the state's burden of proof as follows:

> There's a few constitutional rights the judge covered and I want to highlight those because they're important. One of them is that my client does not have any duty to take the stand in his own case. He's not required to take the stand and testify in his own case. And you can't draw any inferences from that, from his invoking that constitutional right, that is a right that we're all entitled to, and I want to highlight that because he did not testify in this trial.
> Now, the [other] constitutional right I want to highlight is that he's presumed innocent. My client does not have to prove that he is innocent. The state has the burden of proof to prove to you all beyond a reasonable doubt that my client is guilty. Now, these are all rights that we're entitled to and I just

2

want to take a moment to make sure to highlight those for you all.

The jury returned guilty verdicts on all counts. This appeal followed.

## D E C I S I O N

Appellant argues that he is entitled to a new trial because the district court erred by giving the no-adverse-inference instruction without making a record of appellant's express, personal consent to the instruction. Because appellant did not make this objection at trial, we review for plain error. *See State v. Davis*, 820 N.W.2d 525, 537 (Minn. 2012); *State v. Darris*, 648 N.W.2d 232, 240 (Minn. 2002).

> Under our plain-error test, we consider whether the jury instructions contained an (1) error (2) that was plain and (3) that affected the defendant's substantial rights. If these three prongs of our plain-error test are met, we then decide whether we must address the error to ensure fairness and the integrity of the judicial proceedings.

*State v. Milton*, 821 N.W.2d 789, 805 (Minn. 2012) (quotation and citation omitted).

There is no dispute that the district court's no-adverse-inference instruction to the jury was substantively correct. *See* 10 *Minnesota Practice*, CRIMJIG 3.17 (2015); *see also* Minn. Stat. § 611.11 (2014) (stating that "failure to testify shall not create any presumption against the defendant"). But a district court "*ordinarily should* obtain a criminal defendant's permission before giving CRIMJIG 3.17," and should make a record of such consent. *State v. Thompson*, 430 N.W.2d 151, 153 (Minn. 1988) (emphasis added). The supreme court has held that "giving the instruction without [a defendant]'s permission on the record [is] error." *Darris*, 648 N.W.2d at 240. The supreme court made an even stronger statement in *State v. Gomez*, 721 N.W.2d 871 (Minn. 2006), holding that "[i]f the

3

defendant requests the instruction, the court or the defendant's counsel *must* make a record of 'the defendant's clear consent and insistence that the instruction be given.'" *Id.* at 880 (emphasis added) (quoting *McCollum v. State*, 640 N.W.2d 610, 617 (Minn. 2002)).

Most recently, however, the supreme court held that it is not plainly erroneous to give the no-adverse-inference instruction in the absence of the defendant's explicit personal consent where the record indirectly demonstrates a defendant's consent to the instruction in other ways. *State v. Clifton*, 701 N.W.2d 793, 798 (Minn. 2005). In *Clifton*, the defendant did not explicitly consent to the no-adverse-inference instruction on the record. *Id.* But the district court made a record of the defendant's decision not to testify, "his acknowledgment that no adverse inference could be drawn" from that decision, and his understanding that "he could request or decline a no-adverse-inference instruction." *Id.* The record in *Clifton* also showed that the defendant had a private discussion with his counsel concerning the instruction. *Id.* The final jury instructions in *Clifton* included the no-adverse-inference instruction, and the record reflected defense counsel's assent to the final jury instructions. *Id.* Ultimately, the supreme court in *Clifton* held that the words and conduct of the defendant and his counsel sufficiently demonstrated consent, and that a new trial was not warranted. *Id.*

Here, the district court should have obtained appellant's personal consent on the record before giving the no-adverse-inference instruction. But *Clifton* calls into question whether the district court's failure to do so in this case constitutes plain error. We need not resolve that question, however, because appellant has not shown that the claimed error, even if it was plain error, affected his substantial rights. *See State v. Goelz*, 743 N.W.2d

4

249, 258 (Minn. 2007) ("If a defendant fails to establish that the claimed error affected his substantial rights, we need not consider the other factors."). "When . . . a defendant fails to object to a no-adverse-inference instruction, he bears a heavy burden of showing that substantial rights have been affected." *Davis*, 820 N.W.2d at 538 (citation and quotation omitted). "Substantial rights are affected if there is a reasonable likelihood that giving the instruction in question had a significant effect on the jury verdict." *Id.* at 537-38 (citation and quotation omitted). If the error did not affect the defendant's substantial rights, a new trial is not warranted. *Milton*, 821 N.W.2d at 805.

The supreme court has held that, where the defense adopts a trial strategy "highlighting [the defendant's] right not to testify," it is very difficult to demonstrate on appeal that a district court's no-adverse-inference instruction, even if erroneous, affected the defendant's substantial rights. *Davis*, 820 N.W.2d at 538.

Here, the record demonstrates that appellant's defense strategy was to ensure that the jury was cognizant of his right not to testify and, correspondingly, that the jurors not be prejudiced against him for exercising his privilege not to testify. Appellant's trial counsel used the existence of the privilege to highlight that the state bears the burden of proof beyond a reasonable doubt and that appellant was not obligated to prove or disprove anything. This emphasis followed counsel's request for a no-adverse-inference instruction and counsel's assent to the final prepared instructions before they were given to the jury. Appellant has not demonstrated a "reasonable likelihood" that the no-adverse-inference instruction had a "significant effect" on the verdict. Even if the district court plainly erred

in failing to make an adequate record concerning the no-adverse-inference instruction, appellant's substantial rights were not affected. *See id.* at 537-38.

**Affirmed.**